UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OXMANY DIAZ DANIEL,

      Petitioner,

   v.                         Case No.:  2:26-cv-01808-SPC-NPM

WARDEN MATTHEW MORDANT
*et al,*

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Oxmany Diaz Daniel's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Diaz Daniel is a native of Cuba who entered the United States in 2013 to seek asylum.  He filed an application to register permanent residence or adjust status in 2014, and U.S. Citizenship and Immigration Services approved it in 2015.  Diaz Daniel was convicted of four misdemeanor drug possession charges in 2022 and 2023.  On February 27, 2026, local law enforcement arrested him for possession of marijuana and meth.  Immigration and Customs Enforcement ("ICE") issued a notice to appear and an immigration detainer on March 3, 2026, and took custody of Diaz Daniel on March 16, 2026.  An immigration judge ordered Diaz Daniel removed on May 5, 2026, and Diaz Daniel did not appeal.  He now challenges the lawfulness of his continued detention.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on June 4, 2026, when the time to appeal expired.  Thus, Diaz Daniel's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Oxmany Diaz Daniel's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record